■ HORMEL INTERNATIONAL CORPORATION, Respondent, v ARTHUR ANDERSEN & Co., Appellant.—In an action to recover damages for breach of contract and negligence, the defendant appeals from an order of the Supreme Court, Nassau County, dated April 13, 1976, which, *inter alia,* denied its motion to dismiss the complaint pursuant to CPLR 327. Order reversed, on the law and in the interest of justice, with $50 costs and disbursements, motion granted, and complaint dismissed. On this appeal, in an action to recover damages for breach of contract and negligence, the issue is whether Special Term's denial of defendant's motion to dismiss the complaint pursuant to CPLR 327 *(forum non conveniens)* constituted an improvident exercise of discretion. Plaintiff Hormel International Corporation, a subsidiary of Geo. A. Hormel & Co., a Minnesota-based food products company, is a Delaware corporation which has its office in New York. Defendant Arthur Andersen & Co. is an international firm of public accountants, organized as an Illinois partnership, with world headquarters in Chicago and offices

throughout the world, including New York. Defendant operates in Spain through Arthur Andersen & Co. y Cia, S.R.C. (Andersen-Madrid), which is organized under the laws of Spain as a Sociedad Regular Colectiva, with its office in Madrid. The complaint alleges that defendant breached its agreement and performed negligently in connection with accounting services pertaining to plaintiff's investment in Pablo Postigo Pascual, S. A. (PPP), a Spanish corporation with headquarters in Segovia, Spain, which subsequently became insolvent. Our courts need not entertain causes of action lacking a substantial nexus with New York (Irrigation & Ind. Dev. Corp. v Indag S. A., 37 NY2d 522; Fertel v Resorts Int., 35 NY2d 895). The following statements, in the affidavits on the motion, are not disputed. In 1972 two officers of plaintiff went to Madrid, Spain, and visited the offices of Andersen-Madrid, which was the independent auditor of PPP, and initiated a discussion of the subject transaction. All subsequent negotiations between the parties in connection with the transaction took place in Spain. The negotiations concerned accounting services and auditing of PPP, which were to be performed totally in Spain, and which were related to a potential investment by plaintiff in PPP as a joint venture in a business located in Spain. All of the defendant's witnesses and documents are in Spain and all of the financial statements are in terms of Spanish currency. Plaintiff conceded, in its brief herein, that the choice of law is an important consideration on the issue of forum non conveniens. With respect to both contracts and torts, the "center of gravity", or "grouping of contacts", theory now governs the choice of law, and the applicable law is the "law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation" (Babcock v Jackson, 12 NY2d 473, 481). It would appear that it is the law of Spain which will be applicable in this action, which is based upon the breach and negligent performance of a contract initiated, negotiated and executed in Spain, and to be performed in Spain by defendant's Spanish personnel in connection with an investment in a firm organized under Spanish law and doing business in Spain. Consideration of all of the relevant factors impels us to the conclusion that the action should be dismissed in the interest of substantial justice (see CPLR 327). Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.