■ SALVATORE LAURENZANO, Respondent, v SOL GOLDMAN et al., Defendants, and CASTLE W. JORDAN et al., Appellants. — In a shareholder's derivative action, defendants Castle W. Jordan, E. Moulton Prussing and Aegis Corporation appeal from an order of the Supreme Court, Kings County (Douglass, J.), entered August 2, 1982, which denied their motion to dismiss plaintiff's complaint. Order affirmed, with costs. Plaintiff Salvatore Laurenzano, a New York resident and shareholder of defendant Aegis Corporation (hereinafter Aegis), commenced this action setting forth as defendants, Aegis, a Delaware corporation with principal executive offices in Flordia, the corporation's seven directors (including defendants Jordan and Prussing, both of whom are also Aegis officers), and Sol Goldman, a former shareholder of Aegis common stock. Of the directors, only Jordan and Prussing were served. (Special Term, in the order appealed from, contemplated that the complaint would be amended to delete the names of the five directors who were not, and apparently were not intended to be served.) The gravamen of the complaint is that the defendant directors conspired and engaged in a scheme to keep Aegis within their control and to thwart third parties from gaining control. Laurenzano alleged that the directors conspired to purchase, without any business purpose, 979,000 shares owned by Goldman at a premium in excess of one dollar per share and that following execution of the agreement to purchase these shares, the directors no longer had to fear that Goldman would obtain control of Aegis, and replace management and terminate salaries, bonuses, fees and indorsements which the directors received. Defendants Jordan, Prussing and Aegis moved to dismiss the complaint on the grounds, *inter alia,* of lack of personal jurisdiction over the directors and *forum non conveniens.* The motion was correctly denied. Jordan entered New York on January 14, 1982, met with Goldman, and negotiated a tentative agreement whereby Aegis would repurchase Goldman's shares and the parties would seek dismissal of pending litigation between Goldman and the corporation. Prussing was in New York on January 20, 1982. On that day, he conducted a telephone conference with the other Aegis directors, with the exception of Jordan, who was in Europe and unavailable. The agreement was approved; Prussing then executed documents relating to the agreement and returned to Florida. The fiduciary shield doctrine holds that acts performed by a person in his capacity as a corporate fiduciary may *not* form the basis for exercising jurisdiction over him in his individual capacity (see, e.g., *Lehigh Val. Inds. v Birenbaum,* 527 F2d 87, 92-93). Here, Jordan and Prussing assert that their actions in New York were solely on behalf of Aegis and therefore the fiduciary shield doctrine is applicable to

them. Plaintiff alleges that the sole motive for the directors' activities was to force an involuntary deal upon Aegis to save their own positions. Plaintiff's allegations are sufficient to survive this pleading stage of the litigation, even should it later be determined that his claim is unfounded, i.e., that it was within Aegis' best interests to encourage Goldman to discontinue his proxy fight and possible attempts to obtain control of the corporation. The fiduciary shield doctrine is both equitable and flexible; where the complaint alleges a violation of fiduciary duties, the doctrine will not automatically be applied to bar the acquisition of personal jurisdiction (see *Krause v Hauser,* 272 F Supp 549, 552, n 3; *Kinstler v Saturday Evening Post Co.,* 507 F Supp 113, 115; *Grove Press v Central Intelligence Agency,* 483 F Supp 132, 135, revd on other grounds *sub nom. Grove Press v Angleton,* 649 F2d 121; *Marine Midland Bank v Miller,* 664 F2d 899, 903). Appellants also contend that the complaint should be dismissed pursuant to the application of the *forum non conveniens* doctrine, urging that as Delaware law will apply (*Hormel Int. Corp. v Andersen & Co.,* 55 AD2d 905, 906), Delaware (or Florida) is a more convenient forum. We disagree. Although the New York residence of a shareholder in a derivative action should not be deemed conclusive to establish New York as an appropriate forum (*Silver v Great Amer. Ins. Co.,* 29 NY2d 356, 361), the burden of proof is on the party seeking to invoke the doctrine of *forum non conveniens* (*Bader & Bader v Ford,* 66 AD2d 642, app dsmd 48 NY2d 649). The balance of factors "must be very strongly in favor of the defendant, before the plaintiff's choice of forum should be disturbed" (see *Olympic Corp. v Societe Generale,* 462 F2d 376, 378). The New York contacts with the alleged tortious activity should be viewed as sufficient so that the matter should not be considered " 'imported litigation' (*Tauris, Inc. v Boeck Fuel Co.,* 38 AD2d 702) with a 'patently tenuous' relationship to New York (*Heller v National Gen. Corp.,* 39 AD2d 688, 689)" (*Bader & Bader v Ford, supra,* p 647). A major factor in our determination is that Goldman had commenced a shareholder's derivative action in Delaware, and he and Aegis sought dismissal of that action as a condition of the agreement to repurchase his shares in the corporation. Plaintiff herein sought to intervene at the hearing before the Delaware Court of Chancery, held with respect to the dismissal of Goldman's action. That court refused to permit intervention, stating that the question of the repurchase of Goldman's shares was not a subject which it might properly address and noting that the issue was before the courts of New York. The Chancellor commented that "[i]f the issue * * * had not been raised in another legal proceeding the result here might be different" and also that "[t]he issue of the propriety of the stock purchase has been validly raised in the New York Court and should remain there where a trial on that issue is still available". Appellants opposed intervention by Laurenzano in the hearing before the Delaware Court of Chancery. A month later they served the instant motion, seeking to foreclose New York as a forum for plaintiff's charges. Plaintiff alleges that Delaware may no longer have jurisdiction over defendant Goldman. Under these circumstances, we hold that New York is an appropriate forum and that defendants, seeking to invoke the doctrine of *forum non conveniens,* have not met their burden of clearly establishing that " 'New York is an inconvenient forum *and* that another is available which will best serve the ends of justice and the convenience of the parties.' " (*Bader & Bader v Ford,* 66 AD2d 642, 645, *supra;* emphasis added.) Titone, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.