■ Aurelia Temple, an Infant, by Her Natural Mother and Guardian, Nancy Romano, Appellant, v George Temple et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Rubin, J.), entered November 29, 1982, as granted defendant Margaret Temple's motion to dismiss the action on *forum non conveniens* grounds (CPLR 327). Order reversed insofar as appealed from, as a matter of discretion, motion denied, and complaint reinstated, with costs to abide the event. On the facts presented herein, Special Term should have exercised its discretion by denying defendant Margaret Temple's motion to dismiss pursuant to CPLR 327. The infant plaintiff is a New York resident. In 1980, she traveled to the Florida home of her grandparents (defendants herein) for a visit. Her six-year-old half-brother, defendants' grandson, was also present in defendants' home.

While playing with a fishing rod, plaintiff's half-brother struck plaintiff in the eye with a fishing hook. The record indicates that plaintiff was hospitalized for six days in Florida before she returned to New York. Upon her return, plaintiff was treated by a New York physician who performed two operations on her eye. The record indicates that a third operation was planned at the time of the instant motion. Plaintiff brought this action alleging that her injuries were caused by her grandparents' negligence in allowing her half-brother to play with the fishing rod. Personal jurisdiction was acquired over defendant Margaret Temple by service of process while she was physically present in this State. After joinder of issue, Mrs. Temple moved for dismissal on the ground that the complaint failed to state a cause of action or, in the alternative, that New York was an inconvenient forum. Special Term granted Mrs. Temple's motion on the latter ground, on the condition that she accept service of process in Florida and waive any Statute of Limitations defense. We reverse. We disagree with Special Term's finding that this action has no substantial nexus with New York. Plaintiff is a resident of this State. While the residence of a party in New York is no longer the determinative factor in a *forum non conveniens* motion it remains an important one (*Silver v Great Amer. Ins. Co.*, 29 NY2d 356, 361). Moreover, the vast majority of plaintiff's medical treatment has taken place in New York, and it seems likely that any expert testimony will be given by New Yorkers. Once a substantial nexus has been found with the forum State, plaintiff's choice of forum will not be disturbed unless the balance of convenience is strongly in favor of defendants (*Bader & Bader v Ford*, 66 AD2d 642, 648; *Bewers v American Home Prods. Corp.*, 117 Misc 2d 991, 1009). Here, defendants have failed to show that they would be inconvenienced by New York litigation any more than plaintiff would be by Florida litigation. Although the record indicates that defendants are each over 70 years old, that fact, in and of itself, does not prevent them from traveling from Florida to New York. Indeed, it is noteworthy that Margaret Temple was served with process in this State. Defendants have not claimed to be in ill health (see *Schneider v Safety Harbor Spa*, 56 AD2d 762). On the other hand, it appears that plaintiff would be inconvenienced by Florida litigation. She is 15 years old and presumably attends school here. Litigation in Florida would probably disrupt plaintiff's education. In any event, defendants have failed to show that the balance of convenience is strongly in their favor. The parties and Special Term agreed that Florida law would be applicable to this action, since *lex loci delicti* still applies in the absence of "extraordinary circumstances" (see *Cousins v Instrument Flyers*, 44 NY2d 698, 699). Although the fact that a sister State's law applies to an action is a factor to be considered on a *forum non conveniens* motion (see *Hormel Int. Corp. v Andersen & Co.*, 55 AD2d 905, 906), we should not be overly eager to dismiss an action on that ground when other factors militate against dismissal. Here, we do not find that the burden of applying Florida law outweighs the connections this action has with New York. Gibbons, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.