**PHOTO PROMOTIONS ASSOCIATES,**
Plaintiff,

v.

**HOUSEHOLD INTERNATIONAL, INC.,**
**T.G. & Y. Stores Company, Phil**
**Schneider, L.A. Del Santo, and H.O.**
**Price, Defendants.**

No. 83 Civ. 9138.

United States District Court,
S.D. New York.

April 20, 1984.

Bower & Gardner, New York City, for plaintiff; Gregory D. Frost, Gregory R. Tapfar, Joseph Brachfeld, New York City, of counsel.

Cadwalader, Wickersham & Taft, New York City, for defendants; Richard H. Walker, Randal A. Farrar, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, a New York corporation, sells photographic portraits, soliciting orders through promotions at large department stores and other retail shopping areas. In this action, plaintiff charges T.G. & Y. (a retail department store chain), its thrice-removed corporate "parent," and two of its officers, with breach of contract, fraud, interference with contract, and "fail[ure] and refus[al] to reduce to writing this agreement ... or to further negotiate in good faith." Defendants move to dismiss the complaint upon the ground that this Court lacks personal jurisdiction over them.

Defendant T.G. & Y. ("TG & Y") is incorporated in Oklahoma, where it has its principal place of business. It is not authorized to do business in New York, has no department stores or other property here, and maintains no office, telephone listing, or mailing address here. Defendant Household International, Inc. (HII), a Delaware corporation, has its principal place of business in Illinois, and is not authorized to do business in New York. Defendant Schneider, a resident of Oklahoma, was Sales Promotion Director and Director of Advertising and Sales Promotion for TG & Y during the times relevant to this action. Defendant Del Santo, an Illinois resident, was TG & Y's President.

According to plaintiff's complaint, and the affidavits it submitted in opposition to this motion, it was approached in the summer of 1982 by Herb Silverstein, who represented himself as a "buying agent who did business for TG & Y and its parent company," and stated that he would speak to TG & Y and its parent about plaintiff's business. Subsequently, in August 1982, Silverstein, plaintiff's vice president, and defendants Schneider and Del Santo met at TG & Y's offices in Oklahoma. Plaintiff alleges that an agreement was reached at the meeting that plaintiff would conduct a test promotion in 20 to 30 TG & Y stores. After the test promotions were conducted in October and November, 1982, Schneider allegedly informed plaintiff that the tests had been satisfactory, and stated that he had been authorized to contract with plaintiff for a program of promotions throughout 1983, and would visit plaintiff in New York to finalize the agreement. Schneider did visit plaintiff's New York offices in December 1982 and while there, according to plaintiff, negotiated the final terms of the agreement with plaintiff. Plaintiff conducted promotions in various TG & Y stores, pursuant to the alleged agreement, from January 1983 until September 1983, when TG & Y cancelled the promotions.

Plaintiff asserts that the Court has jurisdiction over each of the defendants pursuant to New York CPLR § 302(a)(1):

As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, ... who in person or through an agent:

(1) transacts any business within a state ...

The burden of establishing jurisdiction rests on the party asserting it.[1] When a motion to dismiss for lack of jurisdiction is made solely on the basis of affidavits, the plaintiff may satisfy its burden by making a *prima facie* showing of jurisdiction.[2]

Even assuming the truth of plaintiff's allegations, plaintiff has failed to make a *prima facie* showing of jurisdiction over the defendants Schneider and Del Santo. Plaintiff's affidavits are devoid of any allegation that Del Santo visited New York or had any other contacts with this state. While the affidavits do allege that Schneider visited here, they do not allege that his visit was in his personal, rather than his corporate capacity. It is "well established that a corporate officer acting on corporate business does not thereby become amenable to suit in his or her personal capacity in that jurisdiction."[3] The action therefore is dismissed as to both Del Santo and Schneider.

The action also is dismissed as to HII. The only allegations tending to connect HII with any activities in New York are the plaintiff's assertions that Herb Silverstein represented himself as a buying agent who did business for TG & Y and its parent, which Silverstein said was HII, and that defendant Schneider stated that he had been authorized to contract with the plaintiff by TG & Y and its parent. Defendants have submitted affidavits stating that HII is not TG & Y's parent, but at the time of the events complained of was thrice-removed from TG & Y (HII owned Household Finance Corp., which in turn owned Household Merchandising, Inc., which in turn owned TG & Y). Further, both TG & Y and HII aver that Silverstein was never an employee of, or agent for, either TG & Y or HII, and never received any payments or commissions from the defendants. Both HII and defendant Schneider aver that Schneider never acted as an agent for HII, and was not authorized to represent HII in the negotiations with plaintiff.

These averments are not contradicted. In short, plaintiff has made nothing more than the "bland assertions of ... agency" the Courts repeatedly have held are insufficient to establish jurisdiction.[4] Moreover, even assuming the truth of plaintiff's assertions that Silverstein represented himself as an agent for HII, plaintiff does not allege that Silverstein was acting in New York for the benefit of and with the knowledge and consent of HII, or that HII exercised any control over Silverstein. Both those elements are essential to a finding that Silverstein was an agent of HII for the purpose of the long-arm statute.[5] Similarly, plaintiff's assertions that the activities of Schneider, as TG & Y's employee, can be attributed to HII for the purposes of jurisdiction lack the essential allegation that HII exercises day-to-day control over TG & Y so complete as to render TG & Y a mere department of HII.[6] Plaintiff therefore has failed to make a *prima facie* showing that jurisdiction over HII is proper, and the action against HII is dismissed.

Plaintiff alleges that jurisdiction over TG & Y is proper because, among other things, TG & Y's officer, Schneider, engaged in substantial negotiations regarding the alleged contract while visiting plaintiff's New York facilities in December

1. *Lehigh Valley Indus. v. Birenbaum*, 527 F.2d 87, 92 (2d Cir.1975); *Trafalgar Capital Corp. v. Oil Producers Equipment Corp.*, 555 F.Supp. 305 (S.D.N.Y.1983); *Louis Marx & Co. v. Fuji Seiko Co.*, 453 F.Supp. 385 (S.D.N.Y.1978).

2. *Visual Sciences, Inc. v. Integrated Communications Inc.*, 660 F.2d 56 (2d Cir.1981); *Bialek v. Racal-Milgo, Inc.*, 545 F.Supp. 25, 33 (S.D.N.Y. 1982).

3. *Trafalgar Capital, supra* note 1, at 310. *See also Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899 (2d Cir.1981); *Lehigh Valley, supra* note 1, at 92–93.

4. *Lehigh Valley, supra* note 1, at 93–94; *Clark v. United States* 481 F.Supp. 1086 (S.D.N.Y.1979); *Louis Marx & Co., supra* note 1, at 391.

5. *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 122 (2d Cir.1981); *Louis Marx & Co., supra* note 1, at 390.

6. *See Delagi v. Volkswagenwerk AG*, 29 N.Y.2d 426, 432, 328 N.Y.S.2d 653, 657, 278 N.E.2d 895, 897 (1972).

1982. Under New York law, if contract negotiations take place in New York that "substantially advance," or are "substantially important" or "essential" to the formation of the contract, the negotiations may subject the defendant to personal jurisdiction in New York.[7] Defendant characterizes the negotiations in New York as pertaining only to minor procedural matters. The dispute presents a question of fact that cannot be resolved on the affidavits submitted.

Accordingly, the issue of whether TG & Y has sufficient contacts with the State of New York to support the assertion of personal jurisdiction under New York's long-arm statute is referred to Magistrate Gershon to hear and report. The parties are directed to produce the witnesses who have relevant information on this issue before the Magistrate for a hearing at such time as she may designate. Each party shall bear its own expenses for attendance at the hearing; however, the party prevailing on the issue shall be entitled to taxation of the costs incurred.

SO ORDERED.

---

**7.** *See, e.g., Lehigh Valley, supra* note 1, at 91; *Liquid Carriers Corp. v. American Marine Corp.,* 375 F.2d 951 (2d Cir.1967); *Trafalgar, supra* note 1, at 309; *Bialek, supra* note 2, at 35; *Moser v. Boatman,* 392 F.Supp. 270, 274 (E.D.N.Y. 1975); *George Reiner & Co., v. Schwartz,* 41 N.Y.2d 648, 394 N.Y.S.2d 844, 363 N.E.2d 551 (1977).