**THOMSON McKINNON SECURITIES, INC., Plaintiff,**

v.

**HAMILTONIAN INDUSTRIES, INC., William H. Rentschler, and Gerald W. Adcox, Jr., Defendants.**

No. 84 Civ. 6676 (CBM).

United States District Court, S.D. New York.

Jan. 15, 1985.

---

**1.** There are four statutory categories of exemption from this broad definition, none of which are applicable to the issues presented by defendant's motion.

Skadden, Arps, Slate, Meagher & Flom by Jonathan J. Lerner, New York City, for plaintiff.

Satterlee & Stephens by Robert M. Callagy, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

MOTLEY, Chief Judge.

Plaintiff, an international financial services firm, brings this diversity action to recover fees from defendant Hamiltonian Industries, Inc. (Hamiltonian), a Mississippi corporation with its principal place of business in Lake Forest, Illinois. The fees are allegedly due under an agreement whereby plaintiff served as Hamiltonian's financial advisor in connection with the acquisition of a company. The matter is before the court on the motion of defendants Rentschler and Adcox, officers of Hamiltonian and domiciliaries of Illinois and Mississippi, respectively, to dismiss the action against them for lack of personal jurisdiction. For the reasons set forth below, the motion is granted.

Jurisdiction in this court is predicted on several meetings in New York between plaintiff and defendants Rentschler and Adcox at which the contract in dispute was negotiated and at which defendants are alleged to have made fraudulent misrepresentations regarding defendant Rentschler's background. Plaintiff sues both on a breach of contract theory and a tort theory alleging fraud. Defendants admit that they made several trips to New York in connection with the contract, but contend that these trips were made solely in their corporate capacities and not as individuals. Plaintiffs do not appear to allege any contacts between defendants and the forum state other than the aforementioned meetings.

Defendants Rentschler and Adcox urge the court to dismiss the complaint

against them under the fiduciary shield doctrine, which provides that acts performed by persons in their capacity as corporate fiduciaries cannot form the predicate for the exercise of jurisdiction over them as individuals. The policy behind this doctrine is that it is unfair to subject individuals to personal jurisdiction, even if they may be individually liable, whose only relevant contacts arise from activities undertaken not for their own benefit but for the benefit of their employers. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 902 (2d Cir.1981). *See Laufer v. Ostrow*, 55 N.Y.2d 305, 313, 449 N.Y.S.2d 456, 460, 434 N.E.2d 692, 696 (1982).

Plaintiffs assert that the fiduciary shield doctrine has been rejected by the Supreme Court and therefore cannot protect defendants. In *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), the Supreme Court held that since defendant had transacted business within the state, he was not insulated from personal jurisdiction just because he was present in the state and acted there only on behalf of his employer. *Id.*, 465 U.S. at ——, 104 S.Ct., at 1487, 79 L.Ed.2d at 813. At least one court in this district has interpreted this case as a complete rejection of the fiduciary shield doctrine. *Guccione v. Flynt*, 1984 Copyright L.Rep. (CCH) paragraph 25,654 at 18,947 (S.D.N.Y. Apr. 27, 1984) (Sweet, J.).

Plaintiff misconstrues the reach of *Calder*. In that case, the Supreme Court was applying the California long arm statute, which asserts jurisdiction over defendants to the extent permitted under the federal and state constitutions. *Id.*, 465 U.S. at —— n. 5, 104 S.Ct., at 1485 n. 5, 79 L.Ed.2d at 810 n. 5. Therefore, the *Calder* court was only concerned with whether the Due Process Clause required the fiduciary shield doctrine to be incorporated into the "minimum contacts" test of *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) and other cases. *See Id.*, 465 U.S. at —— n. 7, 104 S.Ct., at 1486 n. 7, 79 L.Ed.2d at 811 n. 7. The court concluded that the fiduciary shield doctrine was not a constitu-

tionally required element in the analysis of contacts between defendants and the forum state. *Id.*, 465 U.S. at ——, 104 S.Ct. at 1487, 79 L.Ed.2d at 813.

In this diversity case, however, we must apply New York law in addition to the minimum requirements of the Due Process Clause. *Arrowsmith v. United Press International*, 320 F.2d 219, 223 (2d Cir. 1963). Unlike California and other states, New York's long arm statute does not extend personal jurisdiction to the limits of the Constitution. *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 764 n. 6 (2d Cir.1983). Although *Calder* eliminates the fiduciary shield doctrine as a consideration of due process, it does not compel New York to abandon it as an equitable doctrine in the construction of its own statute.

Notwithstanding *Calder*, the fiduciary shield doctrine appears to survive under New York law. This court, in an opinion issued two months after *Calder*, held that *Marine Midland* still compelled application of the fiduciary shield doctrine. *Picower v. Lynn Wilson Associates, Inc.*, No. 84-4717, slip op. at 4 (S.D.N.Y. May 23, 1984) (Motley, Ch. J.). *See also Photo Promotions Associates v. Household International, Inc.*, 584 F.Supp. 1238, 1240 (S.D.N.Y.1984) (Weinfeld, J.) (decided one month after *Calder*). Other recent cases indicate that the fiduciary shield doctrine is an established principle under New York law. *See, e.g., Bulk Oil (USA) Inc. v. Sun Oil Trading Co.*, 584 F.Supp. 36, 40 (S.D.N.Y. 1983); *Goshen Litho, Inc. v. Kohls*, 582 F.Supp. 1561, 1565 (S.D.N.Y.1983); *Laurenzano v. Goldman*, 96 A.D.2d 852, 852–53, 465 N.Y.S.2d 779, 780 (2d Dep't 1983); *Kossoff v. Samsung Co. Ltd.*, 123 Misc.2d 177, 180–81, 474 N.Y.S.2d 180, 185 (N.Y. Sup.Ct.1984).

Unless New York chooses to eliminate the fiduciary shield doctrine in accordance with the *Calder* Court's reasoning, this court must apply it in construing the reach of N.Y.Civ.Prac.Law section 302, New York's long arm statute. Since it is an equitable doctrine rather than a fixed

constitutional standard, the rule cannot be applied mechanically. Rather, we must examine the particular circumstances in the case at bar with an eye towards overall fairness. *Marine Midland*, 664 F.2d at 903. The key question is whether defendants were acting primarily in the best interest of their employer or were mainly looking out for themselves. *Id.* If there is "no suggestion that the defendants were engaged in self-dealing or that the corporation was a mere shell," there is no reason why the fiduciary shield doctrine should not be applied. *Bulk Oil*, 584 F.Supp. at 40 n. 7. Jurisdiction could then only be had over these non-domiciliary defendants under section 302(a)(2), as plaintiff urges, if they committed a tortious act within the state in their individual capacities.

In the case at bar, there is nothing in the complaint to indicate that defendants were acting in anything other than a fiduciary capacity. The allegations of fraud and breach of contract are generally made against corporate and individual defendants together, and all specific actions alleged to have been taken by individual defendants appear to have been performed in the course of their corporate duties. In fact, plaintiff did not in its brief contest defendants' affidavits asserting that they only came to New York as fiduciaries for Hamiltonian, but merely disputed the application of the fiduciary shield doctrine. On the day of oral argument of this motion, and weeks after the motion was fully submitted, plaintiff submitted a brief, conclusory affidavit alleging that defendant Hamiltonian was merely a "corporate shell." The court rejects this affidavit as untimely and lacking a sufficient factual basis for its assertions.

Plaintiff requests discovery on the question of whether defendants "transacted business" in New York, but that question is not in dispute. It seems clear at this stage in the litigation that the actions of defendants Rentschler and Adcox in coming to New York for several meetings and negotiations with plaintiff were sufficient to constitute transacting business for the purpose of conferring jurisdiction over Hamiltonian under section 302(a)(1). Moreover, if plaintiff's allegatons are proven, defendants' conduct in New York would constitute the commission of a tortious act within the state sufficient to confer jurisdiction over Hamiltonian under section 302(a)(2). Indeed, defendants do not challenge jurisdiction over the defendant company. Nevertheless, it seems equally clear that the individual defendants acted only in their corporate capacity in coming to New York. There is no indication that discovery is likely to reveal anything to change that conclusion. The court therefore finds that personal jurisdiction over defendants Rentschler and Adcox cannot be obtained under New York law. Defendants' motion to dismiss as to individual defendants only is granted.

The next pretrial conference in this case will be held on Friday, March 15, 1985, at 10:00 a.m., in Courtroom 906.

SO ORDERED.