■ JENNY OIL CORPORATION, Appellant, v PETRO PRODUCTS DISTRIBUTORS, INC., et al., Respondents, et al., Defendant.—In an action to recover payment for goods allegedly sold and delivered, the plaintiff appeals from an order of the Supreme Court, Westchester County (Benson, J.), entered June 3, 1985, which denied its motion, which was, in effect, to dismiss the affirmative defense of lack of personal jurisdiction pursuant to CPLR 3211 (b) and for summary judgment pursuant to CPLR 3212, with leave to renew after the determination of a separate appeal from an order of the same court (Wood, J.),

entered January 22, 1985, which granted a motion to vacate a default judgment. The appeal from the order entered January 22, 1985, is decided herewith.

Order reversed, as an exercise of discretion, without costs or disbursements, and, upon searching the record, matter remitted to the Supreme Court, Westchester County, for the purpose of holding a hearing on the issue of whether personal jurisdiction was obtained over the respondents.

In their answer, the defendants Jeffrey Gottlieb (hereinafter Gottlieb) and Petro Products Distributors, Inc. (hereinafter Petro), asserted the affirmative defense of lack of personal jurisdiction over Gottlieb by reason of lack of proper personal service. Affidavits submitted by individuals with personal knowledge of the facts raise a colorable claim that service of process might have been defective. Thus, on the motion for summary judgment, Special Term should have held a traverse hearing to determine the merits of this alleged defense, and the matter is remitted to the Supreme Court, Westchester County, to hold such a hearing. In the event that service is found to be defective, the action must be dismissed as to the respondents. If service is found to have been proper, then the motion for summary judgment should be denied as to both Gottlieb and Petro due to the existence of material issues of fact which must be resolved at trial. Some of these issues include the question of whether the alleged gasoline deliveries to Petro had, in fact, been made; the significance of the handwritten notation of "paid" on a majority of the invoices for which the plaintiff claims that payment was not received; and the scope of a written revocation of guarantee letter as it affects the alleged sales for which payment is sought. Accordingly, the order is reversed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith. Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur.