■ MARIE-LOUISE O'CONNOR et al., Respondents, v BONANZA INTERNATIONAL, INC., Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Wood, J.), entered February 20, 1985, which (1) granted the plaintiffs' motion to dismiss the defendant's defense of lack of in personam jurisdiction, and (2) denied the defendant's motion to dismiss the plaintiffs' action on the ground of forum non conveniens under CPLR 327.

Ordered that the order is modified by deleting the provision thereof which granted the plaintiffs' motion to dismiss the defense of lack of in personam jurisdiction; as so modified, the order is affirmed, without costs or disbursements, and the

matter is remitted to the Supreme Court, Westchester County, for a hearing on the issue of whether personal jurisdiction was obtained over the defendant.

The Supreme Court, Westchester County, correctly denied the defendant's motion to dismiss the action on the ground of forum non conveniens. While it is true that the accident which resulted in the plaintiff Marie-Louise O'Connor's injuries occurred in South Carolina and some of the witnesses to the occurrence presumably could be found there, the record also shows that the plaintiffs are New York residents and that most of Mrs. O'Connor's medical treatment was received in this State. The defendant failed to show that it would be any more inconvenienced by New York litigation than the plaintiffs would be by South Carolina litigation. In fact, the defendant failed to identify any nonparty witness who resides in South Carolina and would be inconvenienced by a trial in New York. In these circumstances, the denial of the defendant's motion should not be disturbed (see, *Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, cert denied 469 US 1108; *Temple v Temple,* 97 AD2d 757).

With respect to the issue of in personam jurisdiction, however, we are unable to determine, on this record, whether the activities of the defendant in connection with the operation of its franchises in New York are sufficient to constitute "doing business" for purposes of CPLR 301. While the record does include evidence of certain services provided by the defendant to its franchises generally, the extent to which it provides those services to its New York franchises cannot be determined from the papers submitted by the parties. We therefore remit the matter to the Supreme Court, Westchester County, in order that a hearing may be held to determine the merits of the defense of lack of personal jurisdiction (see, *Jenny Oil Corp. v Petro Prods. Distribs.,* 121 AD2d 686). Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.