■ MADELINE BOCK, as Administratrix of the Estate of STEVEN BOCK, Deceased, Respondent, v ROCKWELL MANUFACTURING Co., INC., et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal, (1) as limited by their letter dated May 10, 1989, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered April 13, 1988, as denied their motion to dismiss the complaint on the ground of forum non conveniens and, (2) as limited by their notice of appeal and the letter dated May 10, 1989, from so much of an order of the same court entered June 16, 1988, as upon reargument, adhered to the original determination denying the motion to dismiss the complaint on the ground of forum non conveniens.

Ordered that the appeal from the order entered April 13,

1988, is dismissed, as that order was superseded by the order entered June 16, 1988, made upon reargument; and it is further,

Ordered that the order entered June 16, 1988, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff's decedent, who died of causes unrelated to the accident herein, was seriously injured when a table saw which he was operating jammed and kicked back, causing his fingers to be pulled toward the path of the blade. The accident occurred at his place of employment in Stamford, Connecticut. At the time of the accident the plaintiff was a resident of New York. The defendants, who are the manufacturers of the table saw, are foreign corporations which admittedly do business in New York.

The defendants moved for dismissal of the action on the ground that the proper forum for the action is Connecticut. The motion was denied and upon reargument that determination was adhered to. This appeal ensued.

On appeal, the defendants note that the accident occurred in Connecticut and "presumably" witnesses on the issues of liability and damages will be from Connecticut. They also argue that the fact that Connecticut law may be applicable necessitates dismissal of the action. They note that the plaintiff's residence was the only connection with New York.

While the residence of a party is not a determinative factor on a forum non conveniens motion, it is an important one *(Temple v Temple,* 97 AD2d 757; *Laurenzano v Goldman,* 96 AD2d 852), and a plaintiff's choice of forum will not be disturbed unless the balance of convenience is strongly in favor of the defendants *(Temple v Temple, supra; Bader & Bader v Ford,* 66 AD2d 642). In the instant case the plaintiff's residence in New York provides a substantial nexus to this State, and the record does not show that the defendants will be inconvenienced or prejudiced in any way if the action is maintained in New York. They have failed to identify any nonparty witness who resides in Connecticut and would be inconvenienced by a trial in New York *(see, O'Connor v Bonanza Intl.,* 129 AD2d 569). The defendants' reliance on choice of law also lacks merit. While the choice of law is also an important factor to be considered on an issue of forum non conveniens *(see, Hormel Intl. Corp. v Andersen & Co.,* 55 AD2d 905), it is not a determinative factor, and this court will "not be overly eager to dismiss an action on that ground when

other factors militate against dismissal" *(Temple v Temple,* 97 AD2d 757, 758, *supra).*

Moreover, it is clear that the defendants are guilty of laches. Having participated in the action for such an extended period of time, to wit, approximately 15 months before moving to dismiss, the defendants cannot claim that New York is an inconvenient forum *(see, Corines v Dobson,* 135 AD2d 390; *see generally,* Siegel, NY Prac § 28). Brown, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.