■ TRUSTEES OF LOCAL 282 WELFARE TRUST FUND and Others, Respondent, v TRANSAMERICA INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County (David Edwards, Jr., J.), entered May 9, 1989, which, *inter alia,* denied defendant-appellant's motion to vacate a default judgment of the same court, entered April 5, 1989, and to dismiss the action pursuant to CPLR 3211 (a) (8), unanimously modified, on the law, the facts and in the exercise of discretion, to vacate the default judgment and permit defendant to serve an answer within 20 days of the entry of this order, all on condition that defendant waive a traverse hearing on its defense of lack of personal jurisdiction (CPLR 3211 [a] [8]), and otherwise affirmed, without costs.

This is an action brought by plaintiff, the Trustees of Local 282 Welfare Trust Fund, Local 282 Pension Trust Fund, and Local 282 Annuity Trust Fund (collectively Trustees), to recover the sum of $150,000 on a surety bond issued by defendant, Transamerica Insurance Company (Transamerica). Transamerica had issued the bond on December 18, 1985 to guarantee the payment of fringe benefits which its principal, Certified Concrete Company (Certified), was obligated to make pursuant to a collective bargaining agreement it entered into with the Trustees in July 1985.

In July 1987, the Trustees brought suit against Certified in the Eastern District of New York for failure to comply with the terms and conditions of the collective bargaining agreement, specifically citing the failure to pay the fringe benefits. The action was stayed when Certified filed a petition of bankruptcy in August 1987.

The bond issued by Transamerica to guarantee the fringe benefit payments had an expiration date of December 18, 1986, and its terms provided that any lawsuit to be brought thereon had to be commenced within one year of expiration. Accordingly, plaintiffs filed suit on December 7, 1987 with service of a summons and verified complaint upon employees of Transamerica. Having failed to serve a timely answer, Transamerica moved to vacate a default judgment subsequently entered, arguing that the Trustees' faulty service of process caused the delay in its answering and, further, that it rendered the court without personal jurisdiction over Transamerica.

Upon examination of this record and the conflicting claims with respect to the propriety of the service of process, we conclude that an appropriate resolution of this matter is vacatur of the default judgment, on condition that defendant waive a traverse hearing on its defense of lack of personal jurisdiction. (See, *Jenny Oil Corp. v Petro Prods. Distribs.*, 121 AD2d 686, 687.) Concur—Kupferman, J. P., Ross, Kassal and Rubin, JJ.