■ Trustees of Local 282 Welfare Trust Fund et al., Respondents, v Transamerica Insurance Company, Appellant.—Order, Supreme Court, New York County (David Edwards, Jr., J.), entered January 9, 1990, which denied defendant-appellant's motion to reargue or renew an earlier motion to vacate a default judgment of the same court, unanimously modified, on the law, the facts and in the exercise of discretion, to vacate the default judgment and permit defendant to serve an answer, within 20 days of the entry of this court's order, all on condition that defendant waive a traverse hearing on its defense of lack of personal jurisdiction (CPLR 3211 [a] [8]), and otherwise affirmed, without costs.

Upon examination of this record and the conflicting claims with respect to the propriety of the service of process, and in accordance with this court's order and decision entered April 12, 1990 (160 AD2d 380), in the companion case bearing Supreme Court index No. 2612/88 and concerning the identical parties and issues, we conclude that an appropriate resolution of this matter is vacatur of the default judgment, as conditioned above. *(See, Jenny Oil Corp. v Petro Prods. Distribs.,* 121 AD2d 686, 687.) Concur—Sullivan, J. P., Ross, Kassal, Ellerin and Wallach, JJ.

■ The People of the State of New York, Respondent, v Angel Rivera, Appellant.—Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered on or about July 16, 1987, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree and sentencing him to an indeterminate prison term of from 3 to 6 years, unanimously affirmed.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.