■ JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York and as Liquidator of NORTHUMBERLAND GENERAL INSURANCE COMPANY (U.S. BRANCH), Respondent-Appellant, v HADDON S. FRASER ASSOCIATES, LTD., et al., Appellants-Respondents.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered May 10, 1990, which granted in part and denied in part defendants' motions to dismiss, unanimously affirmed, with costs.

Plaintiff, liquidator of the United States branch of Northumberland General Insurance Company ("NGIC"), a Canadian insurance company, brought this action to recover damages for the alleged wrongdoing purportedly committed by NGIC's former officers and directors and certain related corporations and by defendant Haddon S. Fraser Associates, Ltd., and its officers which acted as managing general agent in the United States. Plaintiff brought causes of action including fraud, conspiracy to defraud, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), breach of fiduciary duty, breach of contract, misrepresentation (both deliberate and negligent), conversion, and violation of a settlement agreement. Allegations include impropriety and failure to detect alleged acts of wrongdoing purportedly committed by the managing agent.

The individual and corporate defendants move to dismiss on a variety of grounds, including lack of *in personam* jurisdiction, the doctrine of *forum non conveniens,* failure to state causes of action, failure to allege causes of action with sufficient particularity, and statute of limitations. The court dismissed the RICO and conversion claims on statute of limitations grounds but denied the remainder of the motions to dismiss. The parties appealed and cross-appealed.

The court properly found personal jurisdiction over the corporate defendant which was part of a corporate structure headed by individual defendant P.E. Reeve by piercing the corporate veil for jurisdictional purposes *(see, Volkswagenwerk AG. v Beech Aircraft Corp.,* 751 F2d 117, 120-122). Plaintiff

claimed and submitted deposition testimony that the corporate defendants supervised Northumberland's business activities in this State and were not run with sufficient degree of separateness (see, *Kreutter v McFadden Oil Corp.*, 71 NY2d 460). Personal jurisdiction over the individual defendants was obtained pursuant to both the doing-business doctrine (CPLR 301) and the long-arm statute (CPLR 302; *Kreutter v McFadden Oil Corp., supra*).

The complaint, read as true and with favorable inferences, sets forth valid causes of action (see, *Foley v D'Agostino*, 21 AD2d 60). The complaint properly pleads causes of action for fraud and corporate waste (CPLR 3016 [b]; *Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-407). Plaintiff also sufficiently pleads the cause of action for corporate waste (see, Business Corporation Law § 720 [a] [1]; *Menaker v Alstaedter*, 134 AD2d 412).

The court also properly found the seventh, eight, ninth, eleventh and thirteenth causes of action to be governed by a six-year statute of limitations (CPLR 213; *Loengard v Santa Fe Indus.*, 70 NY2d 262). Further, the RICO claims were also properly dismissed as time-barred as brought more than four years after plaintiff discovered or should have discovered the injury (*Bankers Trust Co. v Rhoades*, 859 F2d 1096, 1102). The cause of action in conversion was also properly dismissed as commenced more than three years after the alleged commingling of corporate funds (CPLR 214; *Two Clinton Sq. Corp. v Friedler*, 91 AD2d 1193).

Finally, the court properly found New York to be the proper forum as New York has substantial nexus with the action (*Sullivan v McNicholas Transfer Co.*, 93 AD2d 527). Defendants failed to meet their burden of establishing that Canada is the more appropriate forum and thus plaintiff's choice of forum should not be disturbed (*Laurenzano v Goldman*, 96 AD2d 852; *Temple v Temple*, 97 AD2d 757). Concur—Milonas, J. P., Asch, Kassal and Rubin, JJ.