ANTHONY MIRABELLA, as Assignee of FRANCO GRONDA and SOCIETE FIDUCIAIRE ROMANDE OFOR, S. A., Appellant, *v.* BANCO INDUSTRIAL DE LA REPUBLICA ARGENTINA, Formerly Known as BANCO DE CREDITO INDUSTRIAL ARGENTINO, Respondent.

First Department, February 28, 1974.

*David A. Botwinik* of counsel (*Frances B. Bernstein* and *Terence L. Kelleher* with him on the brief; *Pavia & Harcourt*, attorneys), for appellant.

*Mark F. Hughes* of counsel (*Vincent R. FitzPatrick, Louis A. Craco, Jack David, L. Robert Griffin* and *Armando T. Belly* with him on the brief; *Willkie Farr & Gallagher*, attorneys), for respondent.

KUPFERMAN, J. This action for damages for cancellation in 1948 of letters of credit issued by the defendant, allegedly an instrumentality of the Argentine government, in favor of plaintiff's assignor to finance the building of an industrial complex in Argentina, commenced in our jurisdiction by way of an attachment in 1962.

The affirmative defense of the doctrine of *forum non conveniens* was early raised and rejected by the late Mr. Justice HENRY CLAY GREENBERG (N. Y. L. J., May 29, 1963, p. 14, cols. 5–7) under the then interpretation of the doctrine, that a resident assignee, if bona fide, had an absolute right to maintain his action in this forum, citing *Wagner* v. *Braunsberg* (5 A D 2d 564 [1st Dept., 1958]). New York was not the first forum in which recovery was sought. The assignor sued the defendant in Italy by attaching the defendant's assets there. That action was discontinued and the attachment removed, based on understandings with the assignor, including a release given by him, later alleged in an Italian criminal proceeding to have been fraudulently secured. Pursuant to treaty, these criminal proceedings were transferred to Argentina where they were dismissed. Thereafter, this action commenced by way of attachment. (*Mirabella* v. *Banco Ind., Argentina,* 38 Misc 2d 128 [Spec. Term, N. Y. County, 1963].)

Interrupted only by intense settlement negotiations, which on several occasions approached consummation, but were not approved by the Argentine authorities and Legislature at their culmination, the litigation was active resulting in several opinions of this court with respect to affirmative defenses and pretrial proceedings. (See 29 A D 2d 940 and 34 A D 2d 630.) In the interim, the situation with respect to the doctrine of *forum non conveniens* changed and is best summed up in the St. John's Law Review "Survey of New York Practice" (47 St. John's L. Rev. 148, 158–159 [Oct., 1972]):

" CPLR 327: Recent developments in the area of forum non conveniens.

" Case law and CPLR 302 have offered litigants greater access to New York courts. This has necessitated the liberalization of the doctrine of *forum non conveniens* to allow our courts broader discretion to decline litigation which would be more appropriately adjudicated in other forums. Until recently, our courts were automatically precluded from employing the *forum non conveniens* doctrine whenever either party to the suit was a New York resident or corporation. This rule was abrogated by the Court of Appeals in *Silver* v. *Great American Insurance Co.,* in which the Court replaced the rigid rule with a flexible one based on ' considerations of justice, fairness and convenience ' to the parties, witnesses, and courts."

Employing the *Silver* doctrine (*Silver* v. *Great Amer. Ins. Co.,* 29 N Y 2d 356) in a matter where the plaintiff was also an assignee and the assignor and defendants were domiciliaries of a different State of the United States, and the action was for property damage in that other State, this court, in *Taurus, Inc.* v. *Boeck Fuel Co.* (38 A D 2d 702), applying the discretion suggested, dismissed the complaint on the ground of *forum non conveniens,* although *on reargument* (39 A D 2d 519) a further opportunity was given to plaintiff to attempt to justify an exercise of discretion to retain the case here.

Most recently, in *Fertel* v. *Resorts Int.* (43 A D 2d 241), where the plaintiffs were Massachusetts residents and an accident occurred in the Bahamas, and the defendant was a Bahamian corporation whose stock is substantially owned by a codefendant Delaware corporation, with offices located in New York City, we stated " we find no justification for burdening our courts with this litigation " (p. 242), especially, as we stated in *Heller* v. *National Gen. Corp.* (39 A D 2d 688 [1st Dept., 1972]), " foreign-oriented litigation ". Therefore, it might seem, as the court at Trial Term decided, that a motion to dismiss should be granted, provided, of course, that the defendant accepts jurisdiction in Italy or Argentina at the plaintiff's option, and waives any defense of the Statute of Limitations. However, " when so much professional and judicial time " has already been expended in our jurisdiction, cf. *Phillips, Nizer, Benjamin, Krim & Ballon* v. *Rosenstiel,* 490 F. 2d 509 [2d Cir., 1973]; and the matter now approaches trial, jurisdiction should be retained.

Further, although counsel for defendant-respondent has been co-operative in connection with the order signed at Trial Term to permit use of pretrial preparation materials in an Italian action, as the papers and statements of foreign law experts on the motion for reconsideration demonstrate, the substantial pretrial disclosure already effected here pursuant to our procedure, even though to a large extent obtained abroad, will not fit directly into the mould for litigation in an Italian court under its Civil Code; nor is it likely that jurisdiction will be entertained in Argentina.

Litigation should not be an obstacle course in a revolving door, and applying the doctrine of *forum non conveniens* at this late date in the case at bar to send this matter to either Italy or Argentina would have that effect.

Accordingly, the order entered September 20, 1973 denying reconsideration should be reversed, on the law and in the exercise of discretion, and the motion granted. The order of October 5, 1973 insofar as it grants the motion to dismiss for *forum non conveniens* and vacates the attachment should be reversed, on the law and in the exercise of discretion, and the motion denied, with costs.

Nunez, J. P., Murphy and Tilzer, JJ., concur.

Order, Supreme Court, New York County, entered on September 20, 1973, unanimously reversed, on the law and in the exercise of discretion and the motion for reconsideration granted; and order of said court entered on October 5, 1973, so far as appealed from, unanimously reversed, on the law and in the exercise of discretion, and the motion to dismiss on the ground of *forum non conveniens* denied, and the attachment reinstated. Appellant shall recover of respondent one bill of $60 costs and disbursements of these appeals.