■ CONFECCOES WOLENS, S. A., Appellant, v SHUTZER INDUSTRIES, INC., Respondent, et al., Defendant.—Order, Supreme Court, New York County, entered November 1, 1977, granting defendant Shutzer's motion to dismiss the complaint on the ground of *forum non conveniens,* and vacating default judgment and bond filed as security therefor, is unanimously reversed, on the law and the facts, and in the exercise of discretion, with $75 costs and disbursements of this appeal payable to appellant by respondent, and the motion is denied. This is an action for goods sold and delivered by a Brazilian corporation against defendant Shutzer Industries, Inc. (hereinafter defendant), a Delaware corporation with its principal office and place of business in Massachusetts, each party having some minimal contacts with

New York. (Although First National Bank of Boston was named as a defendant, it has never been served and the action has been discontinued as against it.) In the order appealed from, Special Term granted defendant's motion to dismiss on the ground of *forum non conveniens* provided defendant waive any applicable Statute of Limitations defense available in a proper forum. If that motion and determination had been made at the beginning of the case, it might well have been a proper determination. But certain intervening events persuade us that the interest of justice requires that the case be retained in New York. The action was begun in November, 1976 in the Supreme Court, New York County by service of the summons and complaint on an employee of the defendant in New York and on the defendant's corporate headquarters in Massachusetts. Due to oversight in the office of defendant's then New York attorney, defendant defaulted in appearing or answering and on December 31, 1976 a judgment for $43,934 was entered against it. It was in connection with that judgment that plaintiff discontinued its action against First National Bank of Boston. Proceeding to enforce its judgment, plaintiff served a restraining notice on a New York debtor of defendant, who apparently owed some $85,000 to defendant, and on Chase Bank. Defendant moved by order to show cause dated January 27, 1977 to vacate the default judgment and to permit defendant to file a proposed answer, including a counterclaim. On the return date of the motion, January 31, 1977, the attorneys for plaintiff and defendant entered into a stipulation that the defendant would pay forthwith to plaintiff $15,437, representing insurance moneys collected by defendant as a result of the loss of the goods in transit; plaintiff agreed to limit the restraining order to $30,000 of funds held by the Chase Bank; and the motion was adjourned. On February 28, 1977, defendant's motion to open the default was denied without prejudice to renewal. Defendant then by motion returnable March 11, 1977 moved to stay execution on the judgment until defendant had filed a new motion to open the default judgment. This motion was granted in a memorandum of March 16, 1977 on condition that defendant file an undertaking in the amount of $35,000 as security for the judgment. That bond was filed and as of the time of the order appealed from was still in effect. Defendant again moved to open the default and that motion was granted solely to the extent of vacating the default and the judgment was permitted to remain in effect as security. Thereafter, a long-form order was entered on June 24, 1977 to the same effect stating, however, that not only the judgment but the bond posted by defendant were permitted to remain as security. Defendant filed and served its answer, including a counterclaim, and plaintiff replied. By notice of motion returnable September 7, 1977, defendant then moved to dismiss the action under CPLR 327 on the ground of *forum non conveniens.* That motion was granted and it is from that decision that the present appeal has been taken. CPLR 327 is the codification of the flexible *forum non conveniens* rule enunciated by the Court of Appeals in *Silver v Great Amer. Ins. Co.* (29 NY2d 356). The section gives the court power to stay or dismiss the action "in the interest of substantial justice". We think that the intervening equities are such that it would not be in the interest of substantial justice to dismiss the action after all the activity that has taken place in this State, incidentally depriving the plaintiff of the benefit of the bond which has been furnished to secure any judgment as a condition of vacating defendant's default. (See, also, *Mirabella v Banco Ind. De La Republica Argentina,* 43 AD2d 489.) Concur—Kupferman, J. P., Birns, Silverman, Markewich and Sandler, JJ.