■ OTTAVIO BUSSANICH, Appellant, v UNITED STATES LINES, INC., Respondent.—Order, Supreme Court, New York County, entered November 14, 1978 to the extent that it granted defendant's motion to dismiss the action under the doctrine of *forum non conveniens* on condition that the defendant stipulates to submit to the jurisdiction of the New Jersey Superior Court and waive the defense of Statute of Limitations, unanimously modified, on the facts and the law, with costs and disbursements to the plaintiff, to deny the defendant's motion to dismiss for *forum non conveniens* and otherwise affirmed. This negligence action accrued on October 23, 1974 and commenced on April 6, 1976. The answer, raising no defense of inconvenient forum, was served on July 28, 1976. The parties exchanged notices of deposition in July, 1976, and both parties later moved for relief for the other's failure to comply with discovery requests. The captain of the defendant's ship on which the accident occurred was deposed on August 10, 1977 and the plaintiff on August 30, 1977. The plaintiff served his bill of particulars on September 9, 1977 and on December 8, 1977 he filed his note of issue and statement of readiness. Seven and a half months later and after two pretrial conferences, and then only in response to the plaintiff's motion for a preference, the defendant moved for dismissal. After all of these activities have been pursued in New York and the note of issue and certificate of readiness have been filed without objection, dismissal for inconvenient forum is not justified "despite the existence of other factors which support dismissal by application of the doctrine" *(ABKCO Inds. v Lennon,* 52 AD2d 435, 441; see, also, *Mirabella v Banco Ind. De La Republica Argentina,* 43 AD2d 489; *Confeccoes Wolens, S. A. v Shutzer Inds.,* 65 AD2d 710). Concur—Birns, J. P., Sandler, Ross, Lynch and Carro, JJ.

■ PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Administrator of the Estate of ALMIR CAVALCANTE DE SOUZA, Deceased, Appellant, v ODECO, INC., et al., Defendants, and PETROLEO BRASILEIRO, S. A., Also Known as PETROBRAS, Respondent.—Order, Supreme Court, New York County, entered on October 13, 1978, unanimously affirmed on the opinion of Riccobono, J., at Special Term. Respondent shall recover of appellant $75 costs and disbursements of this appeal. Concur—Sullivan J. P., Silverman, Yesawich and Carro, JJ.

■ RICHARD MANSFIELD, Respondent, v COUNTRY WIDE INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County, entered September 10, 1979, unanimously affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal. The appeal from the order and judgment (one paper) entered on July 12, 1979, is dismissed, without costs and without disbursements, as said order and judgment is subsumed in the order entered September 10, 1979. No opinion. Concur—Kupferman, J. P., Ross, Lupiano, Bloom and Yesawich, JJ.