■ MIDLAND MORTGAGE CORP., Respondent, v 52ND STREET OWNERS CORP. et al., Appellants. — In an action to recover a brokerage commission for services rendered in procuring a mortgage commitment, defendants appeal from so much of an order of the Supreme Court, Queens County (Kunzeman, J.), dated March 21, 1984, as denied their cross motion for summary judgment dismissing the complaint.

Order affirmed, insofar as appealed from, with costs.

Summary judgment is a drastic remedy which should not be granted where, as at bar, there is any doubt as to the existence of triable issues of fact (see, e.g., *Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285; *Coley v Michelin Tire Corp.,* 99 AD2d 795). Although plaintiff admitted, through the testimony of its president at an examination before trial, that it orally agreed with defendants to obtain both a bulk-end or permanent mortgage commitment as well as a building or construction loan mortgage commitment, it contends that it is entitled to a commission in the sum of $50,400 for securing only a bulk-end mortgage commitment for defendants. Defendants counter that the agreement by its terms required plaintiff to secure both types of mortgage commitments, and because plaintiff failed to obtain a building loan commitment, it failed in its performance and is not entitled to recover a brokerage commission.

Based on the record, defendants did not sustain their burden, as the moving parties, of setting forth evidentiary facts to establish their defense "sufficiently to warrant the court as a matter of law in directing judgment" in their favor (CPLR 3212, subd [b]). We agree with Special Term's finding that a material triable issue exists as to whether plaintiff's securing of a bulk-end loan mortgage commitment for defendants, without also obtaining a concomitant building loan commitment, constituted full performance under the terms of the parties' agreement. Titone, J. P., Gibbons, Bracken and Weinstein, JJ., concur.