■ ARTHUR H. GOLDSTEIN et al., Doing Business as GILBERT STREET ASSOCIATES, Appellants, v PETER P. BARBONE, P. C.,

ARCHITECT, Respondent, et al., Defendant.—In a professional malpractice action to recover damages from defendants, an architect and an engineer, plaintiffs appeal from (1) so much of an order of the Supreme Court, Orange County (Buell, J.), dated July 6, 1984, as, upon granting plaintiffs' motion for a default judgment against defendant Barbone, directed that the assessment of damages against said defendant follow the trial against codefendant Zimmerman, and (2) a further order of the same court (Weiner, J.), dated December 6, 1984, which, *inter alia,* granted Barbone's motion to vacate his default.

Order dated December 6, 1984 affirmed, without costs or disbursements, on condition that former counsel for defendant Barbone pays plaintiffs the sum of $750 within 20 days after service upon her of a copy of the order to be made hereon, with notice of entry; in the event of her failure to so pay, defendant Barbone may make the payment himself. If the payment is made, said defendant's time to answer is extended until 20 days thereafter, and the appeal from the order dated July 6, 1984 is dismissed as academic, without costs or disbursements. If the payment is not made, then order dated December 6, 1984 reversed, as a matter of discretion, motion to vacate denied, and order dated July 6, 1984 reversed, insofar as appealed from; plaintiffs are awarded one bill of costs, and the matter is remitted to the Supreme Court, Orange County, for an assessment of damages.

Special Term properly exercised its discretion in vacating defendant Barbone's default. However, in view of the nature of the underlying excuse, we have imposed an appropriate sanction *(see, Mineroff v Macy's & Co.,* 97 AD2d 535). Lazer, J. P., Thompson, O'Connor, Rubin and Kunzeman, JJ., concur.