■ RIVER PARK ASSOCIATES, Doing Business as RIVER PARK TOWERS, Appellant-Respondent, v MEYERBANK ELECTRIC Co., INC., Respondent-Appellant.—In an action to recover damages for breach of contract, plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Meade, J.), dated June 11, 1984, as denied its motion to strike the defendant's answer and censure defendant's former attorney, and defen-

dant cross-appeals from so much of the same order as denied its motion for summary judgment.

Order affirmed, without costs or disbursements, on condition that defendant's former attorney pay plaintiff the sum of $1,000 within 30 days after service upon him of a copy of the order to be made hereon, with notice of entry; if defendant's former attorney fails to pay said amount, defendant may pay the penalty imposed within 60 days of service upon it of a copy of the order to be made hereon, with notice of entry; if such condition is not complied with, then order modified, in the exercise of discretion, by deleting the provision thereof which denied that branch of the plaintiff's motion which sought to strike defendant's answer, and substituting therefor a provision granting that branch of the motion, and as so modified, order affirmed, with costs to plaintiff.

The contract which is the subject of this action is ambiguous and subject to different interpretations. Where the intent of the parties depends upon a choice between reasonable inferences to be drawn from extrinsic evidence, interpretation of the contract must be determined by the trier of fact (see, Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169, 172). At bar, the supporting and opposing papers do not unequivocally clarify the parties' intent. In such a situation, summary judgment is inappropriate (see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 291; Yogurts Intl. v Grand Union Co., 92 AD2d 936).

While we agree with Special Term that the striking of defendant's answer was not an appropriate sanction in this case (CPLR 3126), we do find that the conduct of defendant's former attorney in impeding and unduly delaying the discovery process warrants the imposition of a financial sanction against him (Goldstein v Peter C. Barbone, P. C., 114 AD2d 837; Mineroff v Macy's & Co., 97 AD2d 535). Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.