■ LORENZO TRONI, Appellant, v BANCA POPOLARE DI MILANO, Respondent.—Judgment, Supreme Court, New York County (Beatrice Shainswit, J.) entered October 7, 1986, which granted, with conditions, defendant's motion to dismiss the complaint on the grounds of forum non conveniens (CPLR 327)

and failure to state a cause of action under New York law (CPLR 3211 [a] [1], [7]), unanimously modified, on the law, to delete the dismissal for failure to state a cause of action under New York law and otherwise affirmed, without costs. Appeal from the order of the same court entered September 22, 1986 is dismissed as superseded by the appeal from the judgment.

Plaintiff, now a United States citizen, commenced this action in the Supreme Court, New York County, seeking to recover money damages for an alleged wrongful and retaliatory termination by his employer. In 1975 defendant, an Italian national bank, hired plaintiff pursuant to a written agreement executed in Milan, Italy. The complaint makes no reference to the written agreement, but instead alleges that defendant made certain oral promises to plaintiff on which he relied, i.e., (1) that his employment was permanent; (2) that he would be discharged only for just cause; and, (3) that after a period of time in defendant's London office, he would be reassigned by the defendant to the New York office, as a branch manager, a position from which he could not be transferred without his consent. The plaintiff was transferred to the New York office in 1978, but was not appointed branch manager. Plaintiff alleges that, in May 1985, he was constructively discharged when defendant ordered him transferred to Italy. Plaintiff alleges that the transfer was in retaliation for his decision to report certain improprieties by his fellow employees.

The six causes of action alleged in the complaint consist of three causes of action for breach of contract and three based on retaliatory discharge. The trial court dismissed the complaint on forum non conveniens grounds (CPLR 327), subject to certain conditions, and also dismissed the complaint for failure to state a cause of action under New York law (CPLR 3211 [a] [1], [7]). The trial court did not abuse its discretion in dismissing the complaint on forum non conveniens grounds. The doctrine is addressed to the sound discretion of the court (*Silver v Great Am. Ins. Co.,* 29 NY2d 356, 361 [1972]). The residence or nonresidence of a party in New York State does not preclude the court from dismissing the action (CPLR 327; *Evdokias v Oppenheimer,* 123 AD2d 598 [2d Dept 1986]). The "great advantage of the rule * * * is its flexibility based upon the facts and circumstances of each case [citations omitted]." (*Islamic Republic v Pahlavi,* 62 NY2d 474, 479 [1984].) The factors considered by the Supreme Court were the burden on the New York courts, the interest of an alternative forum in deciding the issues, the need to translate documents from a

foreign language, and the need for interpretation of foreign law. Further, the court dismissed the action subject to proper conditions *(see, Bewers v American Home Prods. Corp.,* 99 AD2d 949 [1st Dept 1984], *affd* 64 NY2d 630 [1984]) which will allow plaintiff to file his suit in Italy with a minimum of practical and legal disruption.

The Supreme Court, however, should not have addressed the merits once it dismissed the action on forum non conveniens grounds. Having found New York to be an inappropriate forum, the merit or lack thereof of the action is best reserved for the courts of Italy. Accordingly, that portion of the Supreme Court's decision which dismissed the action for failure to state a cause of action under New York law is deleted. Concur—Kassal, J. P., Rosenberger, Ellerin and Smith, JJ.