■ KAREN CORINES et al., Appellants, v MAUREEN DOBSON, Respondent.—Order, Supreme Court, New York County (Martin Evans, J.), entered March 27, 1987, which granted defendant's motion to dismiss the action on the basis of forum non conveniens, unanimously reversed, on the law and the facts and in the exercise of discretion, the motion denied, and the action reinstated, with costs.

This is an action to recover damages for injuries suffered in an automobile accident on the Carribean island of Guadeloupe. The plaintiffs and the defendant left New York City for a vacation at the "Club Med" resort on that French West Indian island. While at the resort, defendant rented a car from Karukera Cars, a local company, and the plaintiffs accompanied her as passengers for an excursion on September 13, 1984. While defendant was driving the car on a two-lane road, she veered to the right to avoid a passing car, and when she tried to steer to the left, the car initially did not respond but then suddenly went across the road to the extreme left

where the car turned over on its side. The plaintiffs suffered severe injuries. They were treated at a local hospital for three days and then returned to New York City. Immediately upon returning to New York they were admitted to hospitals here for further extensive treatment.

Plaintiffs are each New York City domiciliaries. The defendant is a British citizen who works at the British Mission to the United Nations in New York City and lives here. The defendant was served with the summons and complaint in New York on December 7, 1984. Defendant answered the complaint with general denials and did not interpose any affirmative defenses. Discovery and other pretrial activity proceeded, and upon the certification that discovery was complete and the case ready for trial, the action was placed on the Trial Calendar in May 1986. Only thereafter did defendant make the instant motion to dismiss the action for forum non conveniens.

The hearing court granted the motion, relying on the following factors. The court found that the police officer who was called to the scene of the accident, and the doctor who provided the initial treatment, both resided in Guadeloupe, and that the car wreckage is located there. The court also found that under the choice of law principles, the French civil law of Guadeloupe regarding standards of conduct and rules of the road would apply in the trial of the action. Finally, the court relied on the difficulty of the defendant in impleading the car rental agency (based upon a theory that the agency supplied a defective vehicle), since the company is not subject to the jurisdiction of New York.

We reverse. Based on the evidence present here the factors relied upon by the hearing court are not materially relevant, and other significant factors exist which require that the action remain in New York.

The rule of forum non conveniens, now codified in CPLR 327, allows a court to stay or dismiss an action when in the interests of substantial justice it should be heard in another forum. The rule rests upon justice, fairness and convenience, and while various objective factors are to be considered, no one factor is controlling. (*Islamic Republic v Pahlavi*, 62 NY2d 474; *Silver v Great Am. Ins. Co.*, 29 NY2d 356.) The burden is on the defendant challenging the forum to demonstrate relevant private or public interest factors which militate against accepting the litigation. (*Islamic Republic v Pahlavi, supra.*) Here, the defendant failed to meet that burden.

The factors urged by the defendant in support of dismissal are not borne out by the record. The police officer was not a witness to the accident but only arrived thereafter and there has been no showing as to any material testimony he would offer. While the treating physician in Guadeloupe could testify as to his limited initial treatment of the plaintiffs, the vast majority of their medical care and the greatest part of their medical expenses were incurred in New York, and the testimony of the New York doctors on these factors will be of far greater significance than that of the Guadeloupe doctor. *(See, Temple v Temple, 97 AD2d 757.)* While the wreckage of the car, if it still exists at all, would be located in Guadeloupe, defendant merely provides conclusory assertions as to its existence and relevance. Significantly, defendant has submitted no affidavit regarding either the condition of the car after the accident, or its present whereabouts or existence. Nor has any acceptable proof been submitted regarding the allegedly defective steering wheel. Defendant merely asserts that a Guadeloupan appraiser, who at one time examined the car, will testify.

Defendant has similarly failed to demonstrate the relevance of the Guadeloupe law on seat belts and rules of the road. The affirmative defense that the plaintiffs did not properly use their seat belts was asserted for the first time in a proposed amended answer which was rejected as untimely. To the extent that the laws of Guadeloupe on these finite, circumscribed areas are relevant, judicial notice may be taken in accord with CPLR 4511 and there is no need to remove the action to Guadeloupe for this purpose.

Finally, while the court referred to defendant's difficulties in impleading the car rental agency for purposes of asserting a claim of a defective vehicle, defendant failed to assert any facts whatsoever, either by way of affidavit or other proof, to support the contention of an alleged defect. On this record the claimed defect is, at most, mere speculation. Accordingly, the alleged difficulty in obtaining jurisdiction over the rental agency in order to interpose such speculative alleged claim is no basis to dismiss the action. In any event, this argument appears to be of questionable validity since defendant's insurer is also the insurer of the rental car agency.

The more significant factors in this case militate in favor of retaining jurisdiction in New York. Foremost are the laches and inexcusable delay of the defendant in moving for such relief. The case had been pending in New York for 18 months where significant activity, including discovery and pretrial

conferences took place. The note of issue and certificate of readiness had been filed without objection and the matter placed on the Trial Calendar before defendant eventually moved to dismiss on forum non conveniens grounds. Under these circumstances, even if warranted, dismissal for forum non conveniens should not have been granted. The defendant having taken advantage of the resources of the New York courts should not, at such late point in time, be allowed to remove the action. *(Bussanich v United States Lines,* 74 AD2d 510.)

Moreover, dismissal would impose substantial hardship upon the plaintiffs. The significant inconvenience both to the parties and the majority of the witnesses, if this action were required to proceed in Guadeloupe, is manifestly apparent. In addition, not only would plaintiffs be required to bear the very substantial costs incidental to having their physicians testify in Guadeloupe, but since contingent fee arrangements are precluded by the French civil law of Guadeloupe, they would also be burdened with the additional expenses of hiring local counsel there.

Unless the balance of all factors strongly favors defendant and it plainly appears that New York is an inconvenient forum, forum non conveniens relief should not be lightly granted. The defendant resided in New York, was served with process in New York, and testified at an oral deposition in New York, all without any expressed inconvenience. Here, the balance of the considerations of justice, fairness, and convenience clearly favors the plaintiffs. Accordingly, the hearing court abused its discretion in granting the motion to dismiss. Concur—Sandler, J. P., Sullivan, Ellerin and Wallach, JJ.