■ KALLIOPE KARELLA, Appellant, v NICHOLAS T. KARELLA, Respondent.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered June 6, 1986, which, *inter alia,* granted defendant's motion under CPLR 327 for dismissal of the complaint on the ground of forum non conveniens, on the conditions, *inter alia,* that the deposition of the plaintiff be conducted in New York, and that all of the plaintiff's reasonable attorney's fees and expenses for participating in litigation in Greece be paid by the defendant, unanimously affirmed without costs or disbursements.

Dismissal on the ground of forum non conveniens is addressed to the sound discretion of the court. *(Troni v Banca Popolare,* 129 AD2d 502, 503, *lv denied* 70 NY2d 605.) Here, the parties were married in Greece, the defendant is a resident of Greece, there is no evidence that the parties resided together in New York for any significant amount of time after the marriage, most of the defendant's assets are in Greece, all of the relevant documents are located in Greece and in the Greek language, and four of the six acts of cruelty alleged in the complaint action took place, if at all, in Greece. The plaintiff has British and Turkish passports, and was born in the United Kingdom. Although there is evidence that she is now a New York resident this does not preclude the court from dismissing the action *(supra).* Consideration of all of the relevant factors *(see, Islamic Republic v Pahlavi,* 62 NY2d 474, 478-479, *cert denied* 469 US 1108) leads to the conclusion that the court properly exercised its discretion in granting dismissal on the ground of forum non conveniens.

We have reviewed plaintiff's other arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger and Smith, JJ.