■ Ko Ching Hsu et al., Respondents, v Lien Sheng Chang, Appellant. [606 NYS2d 1009] —In an action for the partition of real property, an accounting, the imposition of a constructive trust and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Kings County (Golden, J.), dated October 5, 1990, as denied the defendant's cross motion for summary judgment imposing a constructive trust and granted that branch of the plaintiff's motion which was to dismiss the fifth and sixth counterclaims on the basis of forum non conveniens.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises out of the acquisition and maintenance of real property located in Brooklyn. The parties seek the imposition of a constructive trust *(see, e.g., Martin v Martin,* 169 AD2d 821). However, based on the record before us, there are material issues of fact which militate against the awarding of summary judgment, and thus a trial is required *(see, e.g., Zuckerman v City of New York,* 49 NY2d 557; *Rotuba Extru-*

ders v Ceppos, 46 NY2d 223; *Greenberg v Coronet Props. Co.,* 167 AD2d 291; *Midland Mtge. Corp. v 52nd St. Owners Corp.,* 106 AD2d 376). Specifically, there is a question as to which, if either, of the parties, has been unjustly enriched.

We further find that the Supreme Court did not improvidently exercise its discretion by dismissing unrelated counterclaims. Substantial justice warrants that the counterclaims be heard before a Taiwanese tribunal *(see, Troni v Banca Popolare Di Milano,* 129 AD2d 502). While the defendant resides in New York and the plaintiffs brought this action in New York, residence is only one factor to be considered *(see, Bock v Rockwell Mfg. Co.,* 151 AD2d 629). The difficulties for the plaintiffs of litigating the fifth and sixth counterclaims in this State, the fact that a Taiwanese corporation is a necessary party, the burden on New York courts in entertaining those counterclaims, and the availability of another, more convenient, forum in Taiwan are factors requiring the dismissal of the fifth and sixth counterclaims *(see, Islamic Republic v Pahlavi,* 62 NY2d 474, *cert denied* 469 US 1108; *Banco Ambrosiano v Artoc Bank & Trust,* 62 NY2d 65; *Irrigation & Ind. Dev. Corp. v Indag S. A.,* 37 NY2d 522; *Varkonyi v S. A. Empresa De Viacao Airea Rio Grandense [Varig],* 22 NY2d 333; *Waterways Ltd. v Barclays Bank PLC,* 174 AD2d 324; *Corines v Dobson,* 135 AD2d 390; *Troni v Banco Popolare Di Milano, supra).* Sullivan, J. P., O'Brien, Ritter and Joy, JJ., concur.