[660 NYS2d 410]

TODTMAN, YOUNG, TUNICK, NACHAMIE, HENDLER, SPIZZ & DRO-
GIN, P. C., Appellant, v GARY RICHARDSON et al., Respon-
dents.

First Department, July 10, 1997

2

## APPEARANCES OF COUNSEL

*Ira Drogin* of counsel *(Laurent S. Drogin* on the brief), for appellant.

*Earl R. Pfeffer* of counsel *(Stanley M. Berman* on the brief; *Cohen, Weiss & Simon,* attorneys), for Local 945, International Brotherhood of Teamsters, respondent.

## OPINION OF THE COURT

SULLIVAN, J. P.

This is an action seeking recovery of attorneys' fees for legal services rendered by Ira Drogin, Esq., during the period October 1989 through September 1992, when he acted as labor counsel to defendant Local 945, International Brotherhood of Teamsters. Drogin is an attorney admitted to practice in New York State whose principal place of business is in New York City. Defendants are officers of Local 945, which maintains its offices in Wayne, New Jersey, and represents employees for purposes of collective bargaining with employers located in New Jersey. Defendants initially raised a defense of lack of personal jurisdiction; they subsequently agreed to binding fee arbitration by an arbitrator appointed by the court. In June 1995, at a prehearing conference before the arbitrator,

defendants, who had recently changed attorneys, claimed, for the first time, that the New York Supreme Court lacked subject matter jurisdiction to decide this case.

Thereafter, on August 10, 1995, defendants moved to dismiss the complaint on the ground of lack of subject matter jurisdiction (CPLR 3211 [a] [2]), asserting that all fee disputes involving New Jersey lawyers' representation of clients in the State of New Jersey lie within the exclusive jurisdiction of the New Jersey Supreme Court and that an action for the recovery of attorneys' fees cannot proceed if it does not comply with the compulsory arbitration scheme established by the New Jersey Supreme Court. Defendants noted that Local 945 maintains its offices in New Jersey, represents employees for purposes of collective bargaining with employers located in New Jersey and that it does not represent any employees who perform work outside New Jersey. In addition, defendants maintained that the fees plaintiff seeks arise from representation of Local 945 in New Jersey in litigation in the State and Federal courts located in New Jersey, arbitrations conducted in New Jersey pursuant to collective bargaining agreements negotiated in and covering operations located in New Jersey and administrative proceedings which involved disputes in New Jersey between union members and their employers.

In opposition and in support of plaintiff's cross motion for sanctions, pursuant to part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR 130-1.1 *et seq.*), and for attorneys' fees, Drogin submitted an affidavit in which he stated that he was not admitted to practice in New Jersey, that much of the work he performed for the union was performed from his offices in New York and that admission to the New Jersey Bar was not required for representation before the various private, State and Federal agencies in which he appeared on the union's behalf. He asserted that none of the fees or disbursements for which payment was sought related to any matter before any court of the State of New Jersey.

The IAS Court granted defendants' motion to dismiss. Noting that a State has a strong interest in regulating the practice of law within its borders, the IAS Court concluded that New York has an interest in the action, thus implicitly finding that some of the legal services were rendered in New York. Nevertheless, finding that the services were rendered in connection with proceedings pending in New Jersey, the court held that that State had the greater interest in the litigation and that the dispute should be adjudicated there.

■ Since we find that dismissal was improper, whether on the ground urged by defendants—lack of subject matter jurisdiction—or for the reasons stated by the IAS Court, we modify to deny the motion to dismiss the complaint.

■ The IAS Court did not dismiss the complaint for lack of subject matter jurisdiction, as defendants had requested. Rather, the court concluded, solely on the basis that the legal services were rendered in connection with proceedings pending in New Jersey, that New Jersey had a greater interest in the litigation. Thus, the court essentially decided the motion, *sua sponte*, under a choice of forum analysis, a variation of the doctrine of forum non conveniens. (*See, e.g., Flintkote Co. v American Mut. Liab. Ins. Co.*, 103 AD2d 501, 506, *affd* 67 NY2d 857.) This was error. A court does not have the power to invoke the doctrine of forum non conveniens on its own. (*VSL Corp. v Dunes Hotels & Casinos*, 70 NY2d 948.) Moreover, defendants' laches and inexcusable delay in moving for relief precluded dismissal on forum non conveniens grounds (*see, Corines v Dobson*, 135 AD2d 390, 393; *see also, Bussanich v United States Lines*, 74 AD2d 510), since the action was commenced in June 1993, and it was not until August 1995, after defendants had agreed to arbitration in New York, that defendants sought dismissal.

In any event, the court's analysis was flawed. While New Jersey may have some interest in the litigation since the union's offices are located there and the legal services were rendered in connection with proceedings pending there, this action has a substantial nexus with New York. Drogin is a New York attorney, and much of the work was performed in New York. Once such a nexus has been found, plaintiff's choice of a forum should not be disturbed. (*Temple v Temple*, 97 AD2d 757, 758.)

■ Noting that the IAS Court did not dismiss the action based on a typical forum non conveniens analysis, defendants assert that the court's decision rests on "a state's inherent authority to regulate the practice of law within its boundaries." In consenting to arbitration in New York in the context of this action, defendants have waived their right to urge that dismissal on this ground should be upheld. Moreover, there is some question as to the extent to which the legal services for which fees are sought constituted "the practice of law" in New Jersey. We note in this regard that at no time did Drogin represent the union in State court proceedings in New Jersey or render legal advice on any matter involving New Jersey law.

While he appeared on behalf of the union at various private, Federal and State agencies in New Jersey, admission to the New Jersey Bar, as this record indisputably shows, is not a prerequisite to such representation.

■ Equally unpersuasive is defendants' argument, premised on the exclusive jurisdiction of the Supreme Court of New Jersey over the practice of law in New Jersey, that the New York courts lack subject matter jurisdiction to decide this case. A statute or rule of another State granting the courts of that State exclusive jurisdiction over certain controversies does not divest the New York courts of jurisdiction over such controversies. (*Marine Midland Bank v United Mo. Bank*, 223 AD2d 119, 124-125, *lv dismissed* 88 NY2d 1017.)

■ Nor is there merit to defendants' final argument—that dismissal is required since this action is governed by New Jersey law and that, under such law, an action for attorneys' fees cannot be maintained unless there has been compliance with the compulsory arbitration scheme established by the New Jersey Supreme Court. (*See*, NJ Court Rules of General Application rule 1:20A-1 *et seq.*; *see also*, *Chalom v Benesh*, 234 NJ Super 248, 257, 560 A2d 746, 750.) This argument must fail since it is based upon the premise that the action is governed by New Jersey law. No such determination has been made. Nor, on this record, could we make such a determination.

Finally, we are not persuaded that defendants engaged in frivolous conduct warranting the imposition of sanctions pursuant to 22 NYCRR 130-1.1.

Accordingly, the order of the Supreme Court, New York County (Herman Cahn, J.), entered April 18, 1996, which, *inter alia*, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (2) and (e) and denied plaintiff's cross motion for sanctions and attorneys' fees, should be modified, on the law, to deny the motion and reinstate the complaint, and, except as thus modified, affirmed, without costs or disbursements.

ELLERIN, TOM and ANDRIAS, JJ., concur.

Order, Supreme Court, New York County, entered April 18, 1996, modified, on the law, to deny defendants' motion to dismiss the complaint, and, except as modified, affirmed, without costs or disbursements.