■ FITZROY GRIZZLE, Appellant, v HERTZ CORPORATION et al., Respondents. [761 NYS2d 163] —Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered August 21, 2002, which granted defendants' motion to dismiss plaintiff's complaint on forum non conveniens grounds, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion denied and the complaint reinstated.

Plaintiff-appellant Fitzroy Grizzle appeals from an order of the IAS court which dismissed his complaint on forum non conveniens grounds. The case arose from an automobile accident that occurred in Jamaica, West Indies. According to the complaint, plaintiff Fitzroy Grizzle, along with his wife Farrah Grizzle and a cousin, Darrion Stone, were passengers in a car rented from defendant Hertz Corporation and driven by plaintiff's brother, defendant Patrick Grizzle. Plaintiff alleges that Patrick lost control of the car, which veered into oncoming traffic and hit another vehicle, which was driven by Rodney Foster. Plaintiff, his wife, and defendant Patrick Grizzle are all residents of New York City. Darrion Stone and Rodney Foster are residents of Jamaica, as is the police officer who responded to the scene of the accident after it had occurred. Defendant Hertz Corporation is a Delaware corporation that does business in New York as well as in Jamaica. Plaintiff received outpatient medical attention on the day of the accident at Cornwall Hospital in Jamaica, but, upon his return home, received more extensive medical treatment and physical therapy for his alleged injuries at Long Island College Hospital, where his treating physician and his medical records related to the injuries sustained in the accident are located.

The IAS court granted defendants' motion to dismiss the

complaint on forum non conveniens grounds pursuant to CPLR 327, based upon the fact that, although plaintiff and his wife—a witness to the accident—as well as defendant Patrick Grizzle are residents of New York, the responding officer as well as the driver of the other vehicle are residents of Jamaica. The court also based its decision on its determination that plaintiff had failed to establish the ownership of the Hertz rental car driven by Patrick Grizzle. We reverse.

The common-law doctrine of forum non conveniens, now codified in CPLR 327, permits a court to dismiss an action when, "in the interest of substantial justice the action should be heard in another forum" (CPLR 327 [a]). The doctrine is based upon "justice, fairness and convenience" (*Corines v Dobson,* 135 AD2d 390, 391 [1987]), and the burden is on the party challenging the forum to demonstrate that the action would be best adjudicated elsewhere (*Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]). Among the factors to be considered are the residence of the parties, the location of the various witnesses, where the transaction or event giving rise to the cause of action occurred, the potential hardship to the defendant in litigating the case in New York, and the availability of an alternative forum (*see e.g. id.* at 479). Consideration of the relevant factors leads to the conclusion that defendants did not sustain their burden.

As noted, plaintiff and his wife, who witnessed the accident, as well as defendant Patrick Grizzle, are all New York City residents. Ms. Stone, the other passenger in the car driven by Patrick Grizzle, although a resident of Jamaica, informed plaintiff that she is willing to travel to New York to testify when and if need be. Defendant Hertz is a Delaware corporation operating not only in New York and Jamaica, but globally, which undoubtedly is routinely called upon to litigate wherever it engages in the rental car business. Thus, the residence and convenience of the parties as well as that of at least two nonparty witnesses argues against a change of forum. The presence of plaintiff's physicians and medical records in New York further suggests that New York is an appropriate forum for the litigation of plaintiff's claims.

The fact that the police officer who responded—after the fact—to the accident scene is a resident of Jamaica does not provide a counterweight to the conclusion that the plaintiff's choice of forum should be respected, since he was not a witness to the accident and there is no suggestion that he would be able to offer any material evidence other than his written report, which both parties presumably already have (*see Co-*

*rines v Dobson,* 135 AD2d 390, 392 [1987]). Nor is the fact that the car driven by defendant Patrick Grizzle may be owned by a Hertz licensee a basis for granting defendants' motion, as that fact is simply not relevant to whether this case should be heard in a different forum. Concur—Tom, J.P., Saxe, Rosenberger, Lerner and Marlow, JJ.