Creditanstalt Inv. Bank AG. v Chadbourne & Parke LLP (2004 NY Slip Op 24202)

Creditanstalt Inv. Bank AG. v Chadbourne & Parke LLP

2004 NY Slip Op 24202 [4 Misc 3d 481]

June 4, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 8, 2004

[*1]
Creditanstalt Investment Bank AG. et al., Plaintiffs,
v
Chadbourne & Parke LLP, Defendant.
Supreme Court, New York County, June 4, 2004

APPEARANCES OF COUNSEL

Piper Rudnick LLP (Mark Zauderer of counsel), for defendant. Brune & Richard LLP (Jack Woodruff Pirozzolo of counsel), for plaintiffs.

{**4 Misc 3d at 481} OPINION OF THE COURT

Barbara R. Kapnick, J.
{**4 Misc 3d at 482}Plaintiffs Creditanstalt Investment Bank AG., an Austrian investment bank, CIS Emerging Fund Limited, a Cypriot investment company, and Zao Financial Partners and Zao Creditanstalt-Grant, two Russian joint stock companies, commenced this action against the defendant Chadbourne & Parke LLP seeking to recover damages for legal malpractice arising out of the defendant law firm's alleged negligence in improperly advising plaintiffs about the risks associated with the implementation of a particular investment structure called a "Simple Partnership Structure" (SP structure) under the laws of the Russian Federation and, in particular, in "erroneously" advising plaintiffs that the SP structure complied with Russian law, specifically Decree No. 529 of the Russian President and Russian Tax Law.
The Russian authorities subsequently seized the business, claiming that the SP structure was illegal. A proceeding was brought by the Moscow Tax Police seeking to permanently confiscate shares of restricted stock and plaintiffs had to pay out millions of dollars in settlements to investors in the SP structure. The plaintiffs are no longer conducting any business in the Russian Federation.
Defendant previously moved (under motion sequence No. 001) to dismiss the complaint. By decision and order dated December 13, 2001, this court (i) dismissed plaintiffs' claim for breach of fiduciary duty with prejudice finding that "it merely duplicate[d] plaintiffs' malpractice claim," and (ii) dismissed plaintiffs' claim for legal malpractice with leave to replead with greater specificity.
Plaintiffs then served an amended complaint dated January 18, 2002, and defendant moved (under motion sequence No. 002) to dismiss the amended complaint, arguing, among other things, that this action is premature because of the continued pendency of the Moscow Tax Police proceeding. By order dated July 18, 2002, this court granted the motion only to the extent of staying this action for 90 days.
[*2]
Defendant now moves for an order pursuant to CPLR 327 and the common-law doctrine of forum non conveniens dismissing the complaint in this action.
The Court of Appeals has held that:
"[t]he common-law doctrine of forum non conveniens, also articulated in CPLR 327, permits a court to stay or dismiss such actions where it is determined that the action, although jurisdictionally sound, {**4 Misc 3d at 483}would be better adjudicated elsewhere (see, generally, Siegel, NY Prac § 28; 1 Weinstein-Korn-Miller, NY Civ Prac, par 327.01, pp 3-4693-470). The burden rests upon the defendant challenging the forum to demonstrate relevant private or public interest factors which militate against accepting the litigation (see Piper Aircraft Co. v Reyno, 454 US 235; Bader & Bader v Ford, 66 AD2d 642) and the court, after considering and balancing the various competing factors, must determine in the exercise of its sound discretion whether to retain jurisdiction or not. Among the factors to be considered are the burden on the New York courts, the potential hardship to the defendant, and the unavailability of an alternative forum in which plaintiff may bring suit. The court may also consider that both parties to the action are nonresidents (Bata v Bata, 304 NY 51) and that the transaction out of which the cause of action arose occurred primarily in a foreign jurisdiction (Silver v Great Amer. Ins. Co., 29 NY2d 356, 361). No one factor is controlling. The great advantage of the rule of forum non conveniens is its flexibility based upon the facts and circumstances of each case. The rule rests upon justice, fairness and convenience and we have held that when the court takes these various factors into account in making its decision, there has been no abuse of discretion reviewable by this court." (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479 [1984], cert denied 469 US 1108 [1985] [citations omitted; emphasis supplied].)
"It is well established that 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed . . . .' " (Waterways Ltd. v Barclays Bank, 174 AD2d 324, 327 [1st Dept 1991] [citations omitted].)
In this case, defendant Chadbourne & Parke LLP argues that the following factors favor dismissing this action based on forum non conveniens: 
(1) New York is not an appropriate forum for deciding novel questions of Russian law, including questions of Russian privatization{**4 Misc 3d at 484} law, foreign investment law and partnership law, which implicate sensitive Russian public policy issues;[FN1]

[*3]
(2) all fact witnesses are in Russia (or elsewhere in Europe) and cannot be compelled to testify in New York;[FN2]

(3) Russia's interest in the case far outweighs New York's interest in the case since the attorney-client relationship was centered in Russia and all the relevant transactions occurred in Russia; and 
(4) Russia's courts are a viable alternative forum.
Plaintiffs oppose the motion on the grounds that: 
(1) defendant's motion is untimely since this action was pending in the Supreme Court of New York for 20 months prior to defendant's moving for the instant relief (see, National Union Fire Ins. Co. of Pittsburgh, Pa. v Worley, 257 AD2d 228 [1st Dept 1999]; Todtman, Young, Tunick, Nachamie, Hendler, Spizz & Drogin v Richardson, 231 AD2d 1 [1st Dept 1997]; Corines v Dobson, 135 AD2d 390, 393 [1st Dept 1987]);[FN3]

and 
(2) defendant, which has its headquarters in New York, has failed to meet its heavy burden of showing that New York is an inappropriate forum and that the courts in Russia offer an appropriate forum because
(a) New York courts routinely decide cases involving foreign law (see, Anagnostou v Stifel, 204 AD2d 61, 62 [1st Dept 1994] [which held that "the courts of New York are frequently called upon to apply the law of foreign jurisdictions and, should the necessity arise, will be fully capable of applying (Russian) law"]);{**4 Misc 3d at 485} 
(b) the background issues of Russian law are not complicated;[FN4]

(c) New York law should [*4]be applied in this case;[FN5]

(d) the location of witnesses does not mandate a Russian forum since letters rogatory are an available method to obtain the testimony of witnesses located in Russia[FN6]

and some of the witnesses (including three of plaintiffs' former employees identified by defendant as potential witnessesnamely, Kyle Shostak, Dan Wilson and David Kuenzi) are actually located in the United States; 
(e) the fact that the language of the engagement and the vast majority of documents are in English[FN7]

and the fact that most of the witnesses speak English and not Russian favor a New York forum (see, Republic of Lebanon v Sotheby's, 167 AD2d 142 [1st Dept 1990]); 
(f) New York has a substantial nexus to this case since it involves a New York law firm (see, Continental Pac. Shipping, Ltd. v CIT Group/Equip. Fin., Inc., 1996 WL 571855, *7, 1996 US Dist LEXIS 14736, *19 [SD NY, Oct. 7, 1996] [which held that "(i)t would be odd" to require plaintiff to bring its case in a foreign forum "when it chose the forum where defendant was incorporated and maintains its principal place of business"]) and plaintiffs paid all their legal fees directly to defendant's bank in New York; and 
(g) the weakness of the Russian judicial system, including the lack of pretrial discovery and the absence of a right to a jury trial {**4 Misc 3d at 486}in Russia, and the fact that Russia does not recognize the tort of legal malpractice,[FN8]

favor a New York forum.
Based on the extensive papers submitted and the oral argument held on the record on April 9, 2003, this court finds that although the transactions out of which this action arose occurred primarily in a foreign jurisdiction, any potential hardship to the defendant in litigating this action in New York is outweighed by the unavailability of an alternative forum in which plaintiffs may bring an action based on legal malpractice.
[*5]
Therefore, weighing all the facts and circumstances, it is the determination of this court that the defendant "did not meet [its] heavy burden of demonstrating that plaintiffs' selection of New York as the forum for the within litigation is not in the interest of substantial justice" (see, Banco Ambrosiano v Artoc Bank & Trust, 62 NY2d 65, 74; CPLR 327 [a]). (Anagnostou v Stifel, supra at 61.) Rather, the interests of justice mandate that plaintiffs' choice of forum not be disturbed (see, Waterways Ltd. v Barclays Bank, supra at 327) and that jurisdiction be retained in New York.
Accordingly, this motion by defendant for an order pursuant to CPLR 327 and the common-law doctrine of forum non conveniens dismissing the complaint in this action is denied.

Footnotes

Footnote 1: Defendant contends that this action necessarily involves determining the validity of legal advice based on the wording of statutes written in Russian for which there is no official translation.

Footnote 2: Defendant refers to several witnesses who will not be subject to the subpoena power of this court, including (i) law enforcement officials, who may have knowledge relevant to defendant's defense that a significant portion of the shares of Gazprom (the Russian energy giant) in question were embezzled by plaintiffs' former employee, Dmitri Arkhipov, as opposed to being seized by the Moscow Tax Police; (ii) Rashid Sharipov, a Russian lawyer formerly employed by defendant in Russia; (iii) Oleg Tsarkov, the former head of plaintiff Creditanstalt Investment Bank AG.; (iv) Yury Lopatinsky, the former head of sales and trading for plaintiffs' Russian operations; (v) Yuri Svedin and Nina Zemstova, plaintiffs' in-house legal advisors who worked on the SP structure; and (vi) officials of the Gazprom share registry company who are knowledgeable about the alleged embezzlement.

Footnote 3: Defendant, however, argues that since this was such a costly motion, requiring him to personally visit Russia and Vienna and to obtain affidavits from European experts on Russian law, he chose to move to dismiss this case on other grounds first.

Footnote 4: In an almost identical lawsuit brought by plaintiffs in Colorado against their other former law firm, Holme Roberts & Owen LLP, the court has held that Russian law applies and that the applicable cause of action for plaintiffs' claims under Russian law is breach of contract.

Footnote 5: Plaintiffs' expert contends that under Russian conflict of law rules applicable to the agreement between plaintiffs and defendant, a Russian court would also be required to apply New York law to the dispute.

Footnote 6: Plaintiffs' expert on Russian law, Professor Peter B. Maggs, cites the case, Chrysler Intl. Corp. v Global USA (No. 97-CV-72590 [US Dist Ct, ED Mich]) as an example of a United States court obtaining judicial assistance from the Russian Foreign Ministry in 1997 on a request to execute a summons in Russia pursuant to a treaty between the United States and the U.S.S.R., the Russian Federation's predecessor state.

Footnote 7: While plaintiffs concede that some relevant documents, including the partnership agreement and its amendment, are in Russian, plaintiffs contend that several documents were drafted exclusively in English and that other documents which were drafted in Russian were contemporaneously drafted in English.

Footnote 8: Defendant's own expert concedes that plaintiffs would not be able to maintain a claim sounding in tort in the Russian forum and would be limited to seeking recovery based on breach of contract.