Bacon v Nygard (2018 NY Slip Op 02752)





Bacon v Nygard


2018 NY Slip Op 02752


Decided on April 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2018

Sweeny, J.P., Richter, Webber, Gesmer, Moulton, JJ.


150400/15 6357 6356

[*1]Louis Bacon, Plaintiff-Appellant,
v
Peter Nygard, et al., Defendants-Respondents, Does 1-20, Defendants.


Sidley Austin LLP, New York (Eamon P. Joyce of counsel), for appellant.
Kirkland & Ellis LLP, New York (Aaron H. Marks of counsel), for respondents.



Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered August 10, 2016, which granted defendants-respondents' motion to dismiss the complaint pursuant to CPLR 327(a), unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motion denied. Appeal from order, same court and Justice, entered December 8, 2016, which denied plaintiff's motion to renew, unanimously dismissed, without costs, as academic.
Defendants did not meet their "heavy burden" of establishing that the balance of the forum non conveniens factors points "strongly in [their] favor" (Elmaliach v Bank of China Ltd., 110 AD3d 192, 208 [1st Dept 2013]; see also Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478 [1984], cert denied 469 US 1108 [1985]).
It is true that the alleged defamation related to events occurring in the Bahamas, and that some of the nonparty witnesses and documents are likely to be located in the Bahamas. However, this is not dispositive (see Mionis v Bank Julius Baer & Co., Ltd., 9 AD3d 280, 282 [1st Dept 2004]; Amlon Metals, Inc. v Liu, 292 AD2d 163, 164 [1st Dept 2002]).
Plaintiff is a New York resident. While also not dispositive, this is generally "the most significant factor in the equation" (Sweeney v Hertz Corp., 250 AD2d 385, 386 [1st Dept 1998] [internal quotation marks omitted]).
In addition, only one of the defendants is a resident of the proposed alternative forum (the Bahamas), and all of the defendants have substantial connections to New York (see Aon Risk Servs. v Cusack, 34 Misc 3d 1234[A], *5-6 [Sup Ct, NY County 2012], affd 102 AD3d 461 [1st Dept 2013]). For example, Nygard owns an apartment here; Nygard, Inc. has its principal place of business here (see Wittich v Wittich, 210 AD2d 138, 139 [1st Dept 1994]); and although defendants claim that Nygard International Partnership's principal place of business is in Canada, its website identifies New York as its "World Headquarters."
Because defendants have a substantial presence in New York, as well as "ample resources," it would not be a hardship for them to litigate here (see Mionis, 9 AD3d at 282).
The burden on the New York courts is also minimal. There is no need to translate documents or witness testimony from a foreign language. Plus, defendants effectively conceded that New York law applies by relying on it in their prior motion to dismiss and in their counterclaims (see AIG Trading Corp. v Valero Gas Mktg., L.P., 254 AD2d 117, 118 [1st Dept 1998]).
By contrast, plaintiff would suffer hardship if required to litigate in the Bahamas, which has no jury trial right and no mechanism to obtain pre-trial deposition testimony from Bahamian witnesses (see Wilson v Dantas, 128 AD3d 176, 187-188 [1st Dept 2015], affd 29 NY3d 1051 [*2][2017]; Gyenes v Zionist Org. of Am., 169 AD2d 451, 452 [1st Dept 1991]; Republic of Lebanon v Sotheby's, 167 AD2d 142, 145 [1st Dept 1990]).
The fact that defendants waited fourteen months before bringing the instant motion, until after discovery began, their prior motion to partially dismiss the complaint was granted and affirmed on appeal, and plaintiff's motion to dismiss their counterclaims was granted, also counsels against dismissal (see Creditanstalt Inv. Bank AG v Chadbourne & Parke LLP, 14 AD3d 414, 415 [1st Dept 2005]; Bock v Rockwell Mfg. Co., 151 AD2d 629, 631 [2d Dept 1989]; Corines v Dobson, 135 AD2d 390, 392-393 [1st Dept 1987]; Confeccoes Wolens, S.A. v Shutzer Indus., 65 AD2d 710, 711 [1st Dept 1978]). The parties have since exchanged several thousand pages of documents and completed five depositions.
The fact that there are currently twelve related actions pending in the Bahamas cuts the other way (see Citigroup Global Mkts., Inc. v Metals Holding Corp., 45 AD3d 361, 362 [1st Dept 2007]; Millicom Intl. Cellular S.A. v Simon, 247 AD2d 223 [1st Dept 1998]). However, only one of these involves any of the instant defendants, and it is not for defamation and was instituted after the instant action.
Because we reverse the grant of defendants' motion to dismiss, we need not reach plaintiff's motion to renew.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 24, 2018
CLERK